UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20763-Civ-GAYLES
MAGISTRATE JUDGE P.A. WHITE

EDUARDO FIGUEROA-NEGRON,

    Plaintiff,

v.                                                    REPORT RE DISMISSAL OF
                                                      COMPLAINT-28 U.S.C. §1915(g)
DR. EDUARDO RODRIGUEZ et al.,

    Defendants.

_____/

I. Introduction

Eduardo Figueroa-Negron has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. (DE#1). Plaintiff is currently incarcerated at Gulf Correctional Institution, in Wewahitchka, Florida.

He has filed an application to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. §1915. (DE#2). Because plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

Moreover, pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim

upon which relief can be granted. <u>See</u> 28 U.S.C. §1915A.

II. <u>Discussion</u>

The plaintiff has filed the following prior civil lawsuits which meet the criteria for a strike pursuant to 28 U.S.C. §1915(g), as follow:

✓   1.   <u>Figueroa-Negron v. Larry W. Mayo, et al.</u>
14-21334-Civ-Huck (S.D. Fla. Case)
§1983-Dism'l §1915(e) by Court Order
05/29/14

✓   2.   <u>Figueroa-Negron v. Barak Husan Obama, et al.</u>
11-80309-Civ-Middlebrooks (S.D. Fla. Case)
§1983-Dism'l §1915(e) by Court Order
05/16/11

✓   3.   <u>Figueroa-Negron v. Warden Larry W. Mayo, et al.</u>
12-24090-Civ-Williams (S.D. Fla. Case)
§1983-Dism'l §1915(e) by Court Order
01/18/13

✓   4.   <u>Figueroa-Negron v. Bob Arum</u>
15-22631-Civ-Altonaga (S.D. Fla. Case)
§1983-Dism'l §1915(e) by Court Order
07/14/15

✓   5.   <u>Figueroa-Negron v. Bob Arom</u>
14-21466-Civ-Moreno (S.D. Fla. Case)
§1983-Dism'l §1915(e) by Court Order
04/30/14

✓   6.   <u>Figueroa-Negron v. Secretary, Florida Department of Corrections, et al.</u>
15-12435-G (11th Cir. Court of Appeals)
08/13/15-Appeal Dism'd for Lack of Prosecution-
Failure To Pay Filing Fees or File Motion To
Proceed *In Forma Pauperis*

✓   7.   <u>Figueroa-Negron v. Pedro Calero</u>
14-15489-A (11th Cir. Court of Appeals)
03/02/15-Appeal Dism'd for Lack of Prosecution-
Failure To Pay Filing Fees or File Motion To
Proceed *In Forma Pauperis*

Section 1915(g) of Title 28 of the United States Code

2

provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The above subdivision is commonly known as the "three strikes" provision. Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Strikes" are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. Id. Pursuant to §1915(g), a prisoner with three strikes or more, generally cannot proceed *in forma pauperis* ("IFP"). Id; see also, Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007)(Under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").

The constitutionality of this section has been comprehensively explored and upheld by the Eleventh Circuit Court of Appeals, Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)(internal citations omitted). There, the Court held that the new "three strikes" IFP provision does not violate the First Amendment right of access to the court; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or, the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment. While not all unsuccessful cases filed by prisoners qualify as strikes under 28

3

U.S.C. §1915(g), as will be demonstrated below, the three prior cases plaintiff has filed do fit the criteria of the statute.

Plaintiff's first five prior civil rights cases, as listed above, were dismissed by district court order pursuant to the Prison Litigation Reform Act of 1995 ("PLRA") under the provisions of 42 U.S.C. §§1915A(b)(1) and (b)(2), and/or 1915(e)(2)(B), because the claims were either frivolous, malicious, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant immune from such relief. Courts have determined that these types of dismissals qualify as strikes. See Rivera v. Allin, 144 F.3d 719, 731-32 (11 Cir. 1998); Anderson v. Hardman, et al., No. 99 C 7282 at *3, 1999 WL 1270692 (N.D.Ill. Dec. 17, 1999); Luedtke v. Gudmanson, 971 F.Supp. 1263 (E.D.Wis. 1997). The sixth and seventh cases, as listed above, were dismissed by the Eleventh Circuit for want of prosecution on the basis that plaintiff failed to pay the filing fees or file a motion to proceed in forma pauperis. These prior dismissals for failure to prosecute also count as strikes. See Allen v. Clark,[1] 266 Fed.Appx. 815, 817 (11th Cir. 2008)(counting a dismissal for failure to prosecute as a strike for purposes of 28 U.S.C. §1915(g)); see also Crummie v. Veloz, No. 10-23571, 2010 WL 5059560 at *2-3 (S.D.Fla. Nov. 10, 2010)(summarizing the types of dismissals that are considered "strikes" in the Eleventh Circuit). Consequently, Plaintiff has filed at least three cases which fit the criteria of the statute.

Thus, he is barred from proceeding in forma pauperis in this Court unless he can show that he is under imminent danger of serious physical injury. The Eleventh Circuit has held that in

---

[1]In Allen, the Eleventh Circuit found dismissal based on an abuse of the judicial process may be properly considered a strike, even if the dismissal fails to state expressly that the claim was frivolous or malicious. Allen v. Clark, supra.

4

order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit. <u>See</u> <u>Medberry v. Butler</u>, 185 F.3d 1189 (11th Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger).

Full and careful review of the Complaint in this case indicates that the plaintiff is not entitled to proceed *in forma pauperis* under the "imminent danger" exception. <u>See</u> DE#1. Since Plaintiff has not paid the filing fee and has made no factual allegations to support a finding that he was in imminent danger of serious injury at the time of filing, dismissal of the instant civil rights action is appropriate.

As the statute provides that the filing fee must be paid at the time the suit is initiated, and only precludes the plaintiff from proceeding *in forma pauperis*, it is recommended that the dismissal be without prejudice to the plaintiff to file a new complaint accompanied by payment of the full filing fee of $350.00. <u>See</u> <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002). Plaintiff should be aware that all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. §1915A, even those lawsuits in which the full filing fee is paid at the time of filing. <u>See</u> <u>Green v. Young</u>, 454 F.3d 405, 407 (4th Cir. 2006).

### III.   Recommendation

Based upon the foregoing, it is recommended that the complaint be dismissed without prejudice pursuant to 28 U.S.C. §1915(g); and, that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 4th day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Eduardo Figueroa-Negron, Pro Se
      DC#T65929
      Gulf Correctional Institution
      Inmate Mail/Parcels
      500 Ike Steele Road
      Wewahitchka, FL 32465